[Filed May 3, 1886.]

## A. I. NICKLIN, Administrator, *v.* FRANK HOBIN.

Costs and Disbursements—Jurisdiction—Injunction.—The defendant in an action appealed from the Justice's to the Circuit Court, "through the inadvertence and mistake of the attorney for the plaintiff," obtained a judgment for costs, when under the statute he was not entitled to recover costs. Upon a suit subsequently brought by the plaintiff's administrator to restrain the defendant from running an execution to enforce such judgment: *Held*, that the court having jurisdiction of the subject-matter of the action, the judgment for costs, though it may have been erroneous, was not void. Jurisdiction carries with it the power to decide wrong as well as right, and a judgment which is erroneous merely is valid until reversed on appeal. The plaintiff's remedy, if there was error, was by appeal. And an injunction in such a case does not lie.

Multnomah County. Defendant appeals. Reversed, and bill dismissed.

*A. R. Coleman,* for Appellant.

Equity will not relieve a party from a judgment at law because it is erroneous. (*Reeves* v. *Cooper*, 12 N. J. Eq. 225, 226.) Not even if the error appears upon the face of the record. (*S. F. Savings and L. Society* v. *Thompson*, 34 Cal. 76.) Nor in any case until the applicant has exhausted his legal remedies. (*Mastick* v. *Thorp*, 29 Id. 447.) The plaintiff's intestate was certainly negligent,

and equity will never relieve a party from the consequences of his own laches. (*Creath* v. *Sims*, 5 How. (U. S.) 204; 2 Story's Eq. Jur., secs. 887, 888.)

*J. G. Chapman*, for Respondent.·

This is not a suit to relieve from errors or irregularities of the court; but to relieve from the unauthorized act of an attorney who has died and left no estate. H. T. Bingham having commenced the action for Paul M. Brenan, against Hobin, and being the sole attorney for him in the action, any pretended appearance by Reed for him will be presumed to have been without any authority, unless there was a formal change of attorneys, and notice thereof. (*Poppleton* v. *Nelson*, 10 Or. 438, 439; *Nightengale* v. *Or. Cen. R'y Co.*, 2 Saw. 341; Code, p. 308, secs. 1010, 1011.) The court might have exercised a discretion, whether to allow Brenan (the prevailing party) costs or not; but it had no authority to allow costs to Hobin, who was the defeated party. (Civil Code, sec. 542.) To confess judgment for his client is not within the scope of the ordinary employment of an attorney at law. (*People* v. *Lamborn*, 2 Ill. 123.) Costs are not a common-law right, but a creature of the statute, and in no event can they be allowed to both parties. (*McDonald* v. *Evans*, 3 Or. 475, 476.) Injunctions will lie against judgment upon an unauthorized appearance. (Weeks on Attorneys, secs. 202, 203; Id., pp. 358, 359, 364; Freeman on Judgments, 98, 499; *O. R. & N. Co.* v. *Gates*, 10 Or. 517; *Murray* v. *Graham*, 6 Paige, 622.)

LORD, J. This is an appeal from a decree of the Circuit Court of Multnomah County, rendered on the ninth day of January, 1886, whereby appellant was perpetually enjoined from issuing execution upon or enforcing the collection of a certain judgment of the Circuit Court of

said county, rendered on the sixth day of November, 1879, in an action wherein Paul M. Brenan was plaintiff, and appellant was defendant, which judgment was in favor of this appellant for costs and disbursements, taxed at $62.95. The plaintiff, as administrator of Brenan's estate, filed the complaint in this suit, alleging in substance that in 1878 Brenan, as plaintiff in an action in a Justice's Court, obtained judgment against Frank Hobin, from which judgment said Hobin appealed to the Circuit Court, where a jury trial was had, and a verdict for one dollar rendered in favor of the plaintiff Brenan. That afterwards, on the fifth day of November, 1879, said Hobin, "through the inadvertence or mistake of one J. H. Reed, who appeared specially at the time as attorney for and on behalf of said Paul M. Brenan, at the instance of H. T. Bingham, Esq., who was the regular attorney of Paul M. Brenan in said action, took a judgment against said Paul M. Brenan for costs and disbursements, amounting to $62.95." The complaint then alleges that judgment was rendered on the verdict in favor of Brenan for one dollar and one dollar costs, and for Hobin for his costs and disbursements, taxed at said sum of $62.95; that Reed, without authority, consented that the judgment be so rendered, and that Hobin's attorneys knew at the time that they were not entitled to such a judgment upon the verdict; that Reed died insolvent in the year 1883. The complaint also alleges that on the 20th of February, 1882, Hobin had an execution issued on said judgment, and that then Brenan filed a motion in the Circuit Court to have this execution returned and quashed, and the judgment vacated; that the writ was returned unsatisfied, but the motion was never heard or disposed of; that Hobin is threatening to have another execution issued upon said judgment against the property belonging to Brenan's estate. Wherefore plaintiff prayed for injunction, etc.

The plaintiff claims that the object of the suit is not to correct any error or irregularity of the court below, but to relieve from the unauthorized act of an attorney by whose consent the judgment for costs was rendered. This assumes that without such consent the court would have been without jurisdiction to render such judgment for costs, and as such consent was obtained from one unauthorized to give it, the court was without jurisdiction, or had no authority to pronounce such judgment.

The record shows that the court had jurisdiction of the subject-matter and the parties; and after trial a verdict was obtained, whereupon the attorney for the defendant here moved for judgment for costs, to which the attorney, alleged to have been without authority to represent the adverse party, consented, or made no objection, and the court rendered the judgment from which relief is now sought.

Now, although it may be true that the amount of costs taxed or allowed by the court was wrong, still it was but an error of judgment, not a defect of jurisdiction. The vice of the argument lies in assuming that the court derived its power to act or to pronounce such judgment from the consent of such attorney. It is true, a different result or judgment might have obtained had objections been interposed, or the court been instructed by argument, but that does not show a want of jurisdiction, but only how an error in the judgment might perhaps have been averted.

"But," says counsel in his brief, "the court had no jurisdiction to allow costs to the defendant, even upon the *consent* of the regular attorney, and the judgment is void." As we view it, the consent of the attorney has nothing to do with the jurisdiction of the court in such case. The cause was one the court had a right to try, and the parties were properly present by due process,

.and the power of the court to hear and determine all matters, including costs, which might arise in the trial of the cause, was complete, and its jurisdiction unaffected one way or the other by the *consent* suggested. The question whether a judgment is right or wrong is a very different one from whether it is valid or void. Although it is the aim of courts to decide rightly, yet the power to decide necessarily carries with it the power to decide wrong as well as right. And where a court has jurisdiction, the judgment or determination is binding and obligatory until reversed, without reference to the question whether it is right or wrong. "Nor is it any ground for disregarding a judicial determination that one party has got a great deal more than was justly due him." (Bronson, J., in *Sup. of Onondaga* v. *Briggs*, 2 Denio, 34.)

It may be true that there was error in the judgment, and if there was, an appeal would have corrected the error, but this is without the province of a court of equity.

The decree must be reversed, and the bill dismissed.