[Argued April 12; decided April 30, 1894.]

## MOFFITT *v.* McGRATH.

[S. C. 36 Pac. 578.]

1. SERVICE OF NOTICE OF APPEAL.— A written acknowledgment of the service of a notice of appeal by one of the parties is insufficient to authorize the court to assume jurisdiction without proof of the authenticity of the signature.

2. JURISDICTION — PRESUMPTION.— In case of an appeal on a jurisdictional question, the court will not presume that there was any proof beyond what appears in the record.

APPEAL from Sherman: W. L. BRADSHAW, Judge.

Action by N. E. Moffitt against Mrs. Mary McGrath and J. B. McGrath. Judgment for plaintiff, and Mary McGrath appeals.          REVERSED.

*Messrs. Dufur & Menafee,* for Appellant.

*Messrs. J. B. Hosford* and *Mays, Huntington & Wilson,* for Respondent.

Opinion by MR. JUSTICE BEAN.

This action was originally commenced in the justice's court for Moro Precinct, Sherman County, by the plain-

tiff against the defendant to recover the possession of a two-year-old filly, and for damages. Judgment being rendered in favor of the defendant, plaintiff appealed, or attempted to appeal, to the circuit court. A motion to dismiss the appeal for want of notice thereof being overruled, a trial was had, resulting in a judgment for plaintiff, from which defendant appeals, alleging as error the overruling of her said motion to dismiss the appeal. It is insisted that this motion should have been sustained upon the ground that the record does not disclose any proof of service of the notice of appeal upon the defendant. The only evidence of such service contained in the record is the following acknowledgment indorsed upon the notice of appeal: "Due and legal service of the foregoing notice of appeal is hereby admitted by me at Moro, Oregon, this twentieth day of October, eighteen hundred and ninety-three," purporting to be signed by Mrs. Mary McGath, attorney for defendant Mrs. Mary McGrath. This acknowledgment, it is objected, is insufficient as proof of the service upon the defendant, because, if it purports to be an admission of service by her attorney, it nowhere appears in the record that Mrs. Mary McGath was such attorney; or, if it purports to be an admission of service by the defendant herself, it is unaccompanied with proof of the genuineness of her signature. The similarity between the name Mrs. Mary McGath and that of the defendant renders it probable that the indorsement on the notice of appeal purports to be an admission of service by the defendant signed to a blank indorsement prepared in contemplation of an admission by her attorney, and we shall so consider it.

By section 527 of the Code, proof of the service of a notice of appeal shall be the same as the proof of service of a summons, and therefore it may be by the written admission of the party to be served, (section 61); but an

indorsement upon a process of the written acknowledg-
ment of service purporting to be signed by a party is not
sufficient evidence of such admission unless it is accom-
panied with proof of the genuineness of the signature of
the party, for the court cannot take judicial knowledge
of the signature of a party who has not appeared in the
cause, and therefore, without such proof, cannot know
whether the signature is that of the party it purports to
be or not. "It is well settled," says Mr. Justice FIELD,
"that courts will take judicial notice of the signatures of
their officers, as such; but there is no rule which extends
such notice to the signatures of parties to a cause. When,
therefore, the proof of service of process consists of the
written admissions of defendants, such admissions, to be
available in the action, should be accompanied with some
evidence of the genuineness of the signatures of the
parties. In the absence of such evidence, the court can
not notice them": *Alderson* v. *Bell*, 9 Cal. 321. To the
same effect are *Johnson* v. *Delbridge*, 35 Mich. 436;
*Litchfield* v. *Burwell*, 5 Howard Pr. Rep. 346; *Bozeman* v.
*Brower*, 6 How. (Miss.), 43; *Gatewood* v. *Rucker*, 1 T. B.
Mon. 21; *Ex parte Gibson*, 10 Ark. 572; *Norwood & Chambers*
v. *Riddle*, 9 Porter (Ala.), 425. It follows that the writing
purporting to be an admission of service by the defend-
ant, without proof of its authenticity, did not authorize
the court to assume jurisdiction.

But it is contended that inasmuch as the court over-
ruled the motion to dismiss, we must assume that satis-
factory proof was made as to the genuineness of the
signature to the pretended admission of service. This is
a direct proceeding by appeal to review the action of the
court below in overruling the motion to dismiss for want
of service, and must be determined in this court upon
the record, which shows that the only proof of service
was the said pretended admission thereof, and there is

nothing in the record to show that any proof was made
as to the genuineness of her signature, or any finding of
the court upon that question. The motion to dismiss
was simply overruled, without any reasons being stated
in the record therefor. Such being the case, and it
affirmatively appearing that upon this record the action
of the court below in overruling the motion was error, it
follows that the judgment must be reversed and the
cause remanded with directions to dismiss the appeal.

REVERSED.