ASKREN *v.* SQUIRE.

[45 Pac. 779.]

1 DISCRETION OF COURT—EXCUSABLE NEGLECT—CODE, § 102.—Action of the trial court in refusing to set aside a default judgment on the ground of excusable neglect, under section 102 of Hill's Code, is discretionary, and will be disturbed only for manifest abuse.

2. APPEAL FROM VOID AND VOIDABLE DECREES—CODE §§ 71, 536.—While a defendant may appeal from a void default judgment, or decree, no appeal will lie from a merely voidable judgment or decree entered on default: *Trullenger* v. *Todd*, 5 Or. 36, approved and followed.

3. DEFAULT—VOID JUDGMENT.—A defective statement of the cause of action does not render void a judgment by default.

From Union: ROBERT EAKIN, Judge.

This is a suit by John Askren the assignee of certain claimants to foreclose alleged miners' liens upon the Good Thought Quartz Mine, in Union County, the property of the defendant Abbie W. Squire. The facts disclosed by the complaint are that on November twenty-eighth, eighteen hundred and ninety-four, certain persons who had performed labor in working said mine prepared their notices of lien to secure the amount claimed to be due each, and at said date assigned and delivered the same to plaintiff. The complaint, containing eight separate causes of suit, has attached thereto and made a part thereof copies of the said notices of lien, from which it appears that two of the claimants subscribed to what purports to be a verification of their claims, but the jurats thereto were not signed by any person, and that none of the other claims were filed with the county clerk of said county until long after their assignment to plaintiff. The defendant Abbie W. Squire having been personally served with the summons and a copy of the complaint herein, failed to answer or plead thereto within the time prescribed by law, whereupon a decree was rendered against her foreclosing the said liens. Thereafter she moved the court to

set aside the default and decree, and permit her to answer, and in support thereof submitted an affidavit tending to excuse her neglect, but the court overruled the motion, whereupon she brings the cause here on appeal from the decree. Respondent moves to dismiss the appeal.     DISMISSED.

For the motion there was a brief and an oral argument by *Messrs. Walter S. Perry* and *Sweek and Davis.*

*Contra* there was a brief and an oral argument by *Messrs. Hyde and Packwood.*

PER CURIAM. 1. The defendant's counsel contend that the refusal of the court to sustain the motion was an abuse of discretion which this court should review; that the defects appearing on the face of the complaint leave it o₁ en to the objection that it does not state facts sufficient to constitute a cause of suit, and that t e failure to answer was not a waiver thereof; while counsel for the plaintiff insist that the court had jurisdiction of the person and subject matter of the suit, and hence the decree is not void, and the defendant having failed to answer the complaint, her appeal should be dismissed. The court may, in its discretion, within one year, after notice thereof, relieve a party from a decree taken against him through his excusable neglect: Hill's Code, § 102. The discretion with which the court is clothed by this section when exercised will not be reviewed except for a manifest abuse thereof. The affidavit submitted in support of the motion

does not, in our judgment, show such excusable neglect on the part of the defendant as would warrant us in saying there had been such abuse.

2. The complaint, when considered in connection with the lien notices, may have failed to state a cause of suit as to all the liens sought to be enforced against the property, but the defendant having failed to answer, cannot appeal from the decree rendered therein unless it is void: Hill's Code, § 536. The statute confers upon the circuit court jurisdiction and authorizes it to foreclose such liens, (Session Laws, 1891, p. 77,) and, having obtained jurisdiction of the defendant by the personal service of the summons, in rendering the decree it solemnly determined that it had jurisdiction, and, this being so, while its decree may have been voidable, it is not void. Mr. Van Fleet, in his work on Collateral Attack, § 61, in speaking of the sufficiency of a complaint to support a judgment, says: "That when the allegations are sufficient to inform the defendant what relief the plaintiff demands — the court having power to grant it in a proper case — jurisdiction exists, and the defendant must defend himself." "If the petition," says VALENTINE, J., in *Head* v. *Daniels*, 38 Kan. 1, "sets forth facts sufficient to challenge the attention of the court with regard to its merits, or authorize the court to deliberate with respect thereto, then the judgment subsequently rendered upon it is not void, but at most is only voidable." The statute provides that a failure to demur or answer does not waive an objection

to the jurisdiction of the court or that the complaint does not state facts sufficient to constitute a cause of action: Hill's Code, § 71. It also provides that any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom: Code § 536. These sections when construed *in pari materia* mean that a party failing to demur or answer may appeal from a void judgment rendered against him, but such party cannot appeal from a judgment that is merely voidable: *Smith* v. *Ellendale Mill Company*, 4 Or. 70; *Trullenger* v. *Todd*, 5 Or. 36.

3. When the trial court has jurisdiction of the person and subject matter of a suit or action it is incumbent upon the defendant to demur or answer the complaint, for if he could neglect this duty and appeal from a voidable judgment or decree, because of a defective statement in the complaint of a cause of action, the issues would rarely be settled except in the appellate tribunal. The decree being voidable only, and the defendant having failed to answer, it follows that the appeal must be dismised, and it is so ordered.      Dismissed.