## JOSEPH ELLIS V. ISAAC HARRIS ET AL.

FILED OCTOBER 20, 1898. No. 9707.

1. **Equity: ENTRY OF DECREE: POWER OF COURT: WAIVER OF OBJECTIONS.** After an entry of an interlocutory decree finding a defendant entitled to a foreclosure against property which had been conveyed to him, he withdrew his cross-petition and without objection introduced additional evidence upon and took part in the trial of the issue whether or not he held the property in dispute in fraud of the rights of creditors of his grantor. *Held*, That he could not complain that the court had no power to enter a decree on the issue last indicated without formally setting aside the interlocutory decree first entered.

2. **Receivers: OBJECTIONS: WAIVER.** Where a litigant consented to the original appointment of a receiver of property in litigation, he was not prejudiced by an order continuing such receivership, in view of the fact that a final decree was formally and properly entered that he had no interest in the subject-matter of the action.

ERROR from the district court of Gage county.  Tried below before LETTON, J.  *Affirmed.*

*L. M. Pemberton,* for plaintiff in error.

*F. B. Sheldon, E. O. Kretsinger,* and *E. R. Fogg, contra.*

RYAN, C.

This action was brought by Isaac Harris and Jacob Friedman to set aside certain transfers of real property and of personal property which had been made by John Ellis to his brother, Joseph Ellis.  These transfers, it was alleged, had been fraudulently made and received as against the rights of the firm of Harris & Friedman, which firm was a creditor of John Ellis at the time of the making of the transfers assailed.  There were other creditors of John Ellis, who became parties to this action by their petitions of intervention, in which, in substance, they alleged the same facts and prayed the same relief as had been insisted upon by the original plaintiffs.  The above statements indicate the general nature of the issues which were to be tried, and it is unnecessary to describe further the pleadings by which they were presented.

The first question to which we shall devote attention is the condition of the judgment entries in this case.  From the first of these we quote as follows:  "Now on the 30th day of March, 1896, * * * this cause coming on to be heard upon the pleadings and evidence, was argued by counsel and submitted to the court, and the court, being fully advised in the premises, finds that the conveyance and bill of sale made by John Ellis to Joseph Ellis was intended as a mortgage and is a mortgage, and that Joseph Ellis has the rights of a mortgagee in and to said property.  And the court further finds that it is necessary to appoint a receiver in this case to take care of the property involved and to recover the same and to rent the same.  Cause retained for further proof as to the consideration of the making of said mortgage and

amount, if any, due on same and foreclosure of said mortgage. The plaintiff and the defendants John Ellis, Joseph Ellis, and Margaret Ellis and all of the cross-petitioners except." Later in the record we find the following journal entry: "Now on this 4th day of May, 1897, * * * this cause coming on to be heard, cross-petitioners Joseph Ellis, Emery S. Ellis, and Harry O. Ellis, allowed to dismiss and withdraw cross-petitions, and defendant E. R. Fogg is allowed to withdraw answer and cross-petition to cross-petition of Joseph Ellis, and parties allowed to introduce further proofs on both sides of main cause as if the said cause had never been submitted to the court. * * * And now on this 5th day of May, 1897, * * * this cause coming on to be heard, the evidence is taken. By consent of parties ex-court reporter J. A. O'Keefe is ordered to prepare transcript of evidence taken upon former hearing and reporter McLucas is ordered to make transcript of evidence taken at present hearing." It is disclosed by the transcript that on June 19, 1897, there was a submission of the cause on the pleadings and evidence, whereupon the record recites: "The court finds generally for the plaintiffs and for the cross-petitioners Mary A. Reed and Edward R. Fogg as receiver of the Nebraska National Bank, and that the deeds and bill of sale set out and described in the petition of plaintiffs and in the cross-petitions of Mary A. Reed and Edward R. Fogg as such receiver, purporting to convey the real estate and personal property therein described from the defendant John Ellis to the defendant Joseph Ellis, was executed by the said John Ellis with the fraudulent intent and design to place all of said property, both real and personal, described in said deeds and bill of sale beyond the reach of the creditors of the said John Ellis and to hinder, defeat, and delay them in the collection of their debts, against the said John Ellis especially to hinder, defeat, and delay the collection of the debts of the plaintiff herein and the cross-petitioners Mary A. Reed and Edward R. Fogg as

receiver, and that said fraudulent design in executing said fraudulent conveyance was participated in by the defendant Joseph Ellis, and that the said Joseph Ellis received all the said real and personal property, and every portion of the same, described in said deeds of conveyance and bill of sale charged with a secret trust in favor of John Ellis, and with the fraudulent intention to aid said John Ellis in placing his said real and personal property beyond the reach of the creditors of the said John Ellis, especially the plaintiff herein and the cross-petitioners Mary A. Reed and Edward R. Fogg as receiver."

From these excerpts it is made to appear that on March 30, 1896, there was a trial of the issues, and a finding that the written transfers in effect were mortgages and that Joseph Ellis had the rights of a mortgagee. On May 4, 1897, which was more than a year afterward, Joseph Ellis dismissed and withdrew his cross-petition. The printed record on which this cause was submitted does not contain a copy of this cross-petition, hence we cannot describe it; but as the court found a right of foreclosure in his favor, it is fair to assume that said cross-petition contained averments and a prayer upon which a foreclosure could properly be based. When this was withdrawn, the issue in the main cause was whether the conveyance was fraudulent and void, and to the order permitting the introduction of further evidence pertinent thereto Joseph Ellis interposed no objection; indeed, the additional evidence seems, for the most part, to have been adduced in his favor. In the action of the court in thus practically setting aside the interlocutory decree which had been rendered there was therefore involved only the question of the power of the court to make such an order.

The interlocutory decree was not one from which an appeal or error proceeding could be prosecuted, for it was not final. To constitute it a final decree it was necessary that it should have been one which disposed of

30

the cause without reserving anything for further consideration. The distinctions on this head are pointed out and illustrated by many authorities in a note in 2 Daniell, Chancery Practice 994, and they are uniform in holding that a decree like the first entered in this case is interlocutory, not final, and that, therefore, the court had power upon further hearing, upon consent of the contending parties, to make other and contradictory findings upon which a different decree might be entered. Of the cases on this subject *Fourniquet v. Perkins*, 16 How. [U. S.] 82, *Clark v. Blair*, 14 Fed. Rep. 812, and *Kelly v. Stanbery*, 13 O. 408, are perhaps as instructive as any that can be cited. We are convinced that the action of the court in treating the interlocutory decree as though it had been set aside and in making findings and entering a decree inconsistent therewith, upon the introduction of additional evidence by all parties without objection, was warranted by law and did not prejudice the rights of Joseph Ellis, the plaintiff in error herein. The cause presents conditions which frequently are found in this class of cases. It is possible that if we had been trying this case in the first instance we might have reached conclusions different from those found by the district court of Gage county, and yet, upon consideration of all the evidence, we cannot say that different minds might not reach different results. Under such circumstances we cannot say that there was insufficient evidence to sustain the findings of the trial court.

It is complained that there was an order continuing the receivership of the property in dispute after the entry of the final decree. The original appointment of the receiver was upon the agreement of parties, and for this reason we presume the complaint is directed merely to the continuance of such receivership. In the view which we have taken of the proceedings in error in this case, there is no room for the assumption that any prejudice was sustained by Joseph Ellis by reason of the property in dispute remaining under the management of the re-

ceiver, for Joseph Ellis never had any interest therein which he could assert as against the rights of the defendants in error represented by said receiver.

There is found no error in the record, and the judgment of the district court is

AFFIRMED.