Argued at Pendleton May 7, affirmed June 5, 1923.

# CARLSON *v.* BANKERS DISCOUNT CORPORATION ET AL.

(215 Pac. 986).

**Appeal and Error—Ruling on Motion for Relief from Judgment Taken Through Mistake, Surprise, or Excusable Neglect not Reviewed Except for Plain Abuse of Discretion.**

1. A motion for relief from a judgment, order, or other proceeding taken through mistake, inadvertence, surprise, or excusable neglect, being addressed to the discretion of the court, under Section 103, Or. L., its ruling will not be reviewed except for a plain abuse of discretion.

**Equity—Judgment—No Relief from Judgment or Decree Taken Through Attorney's Mistake or Negligence Unless Such as Would have Entitled Client, Guilty Thereof, to Relief.**

2. Ordinarily one will not be relieved from a judgment or decree taken against him through a mistake, negligence, or inadvertence of his attorney, unless the latter's act or omission was such as would have entitled the client to relief if committed or omitted by him.

**Equity—To Obtain Relief from Default Decree Taken Through Attorney's Negligence, Client must be Free from Fault, and Rebut Imputation of Want of Due Diligence.**

3. For a client to obtain relief from a default decree taken against him through his attorney's negligence, he must be free from fault, and clear himself of the imputation of want of due diligence or indifference to his own rights.

**Equity—Denial of Motion to Set Aside Default Decree Because of Surprise by Attorney's Negligence Held not Abuse of Discretion.**

4. A corporation, whose officers and representatives relied on the word of its attorney, who had repeatedly shown himself remiss in his attention to his client's suit, that he had sent the amount of a filing fee to the clerk after his check therefor was returned, marked "N. S. F." and failed, on notice of his delinquency, to promptly inquire as to the true state of the record, which showed the fee unpaid, and no answer filed for four and one-half months after the cause was ripe for entry of a default decree, *held* guilty of such want of due diligence as so weakened its claim of surprise by reason of such attorney's good standing that the court did not abuse its discretion in denying its motion to set aside such decree.

**Equity—Default Decree Against Defendant, of Which Court Acquired Jurisdiction, not Set Aside Because of Want of Authority to Enter Default Against Codefendants, or for Objection to Complaint.**

5. Where the court had jurisdiction of the subject matter, and the complaint alleged facts sufficient to challenge its attention to the merits of a claim, and it acquired jurisdiction by due service of summons and the complaint, the decree was not void, and will not be set aside, on motion of such defendant, because the court did not require proof that the signatures of other defendants, likewise defaulted, to acceptances of service on them were genuine, or on the ground that the complaint did not state a cause of suit; an appeal being the only method provided for determining whether the decree was erroneous.

From Malheur: DALTON BIGGS, Judge.

In Banc.

AFFIRMED.

---

2. Relief against judgment entered against client through negligence or mistake of counsel, see notes in 10 **Ann. Cas.** 447; 27 **L. R. A. (N. S.)** 858.

For appellant there was a brief over the names of *Messrs. Winter & Maguire* and *Mr. Wells W. Wood,* with an oral argument by *Mr. Wood.*

For respondent there was a brief over the names of *Mr. R. W. Swagler, Mr. W. H. Brooke* and *Mr. P. J. Gallagher,* with an oral argument by *Mr. Swagler.*

McCOURT, J.—Plaintiff commenced this suit on January 11, 1921, against Lester C. Seawell, Mrs. Lester C. Seawell, the Payette Land and Livestock Company and the Bankers Discount Corporation, formerly known as Bankers Mortgage Corporation, and hereinafter referred to as "defendant." Based upon the allegations of his complaint, plaintiff prayed for a decree declaring a certain mortgage upon real and personal property theretofore executed by Seawell and wife to the defendant to be fully satisfied, paid, canceled and discharged, and requiring defendant to satisfy the same of record as to certain lands described therein, which had been attached by plaintiff in an action brought by him against Seawell and wife, and also declaring that plaintiff's lien by virtue of the writ of attachment mentioned and judgment and order of sale obtained by plaintiff in the action, be declared superior in point of time and right to any claim or lien of defendant under its said mortgage.

Plaintiff obtained a decree against the defendant for want of an answer. About three and one-half months after order of default, findings and decree had been entered against the defendant, the latter interposed a motion to set aside and vacate the same. Defendant supported its motion by affidavits, and plaintiff replied by counter-affidavits. Defendant tendered an answer with its motion.

After a hearing thereon, the court made and entered an order overruling and denying defendant's motion. This appeal is prosecuted by defendant from the last-mentioned order.

The record of the cause and the affidavits filed for and against the motion to vacate and set aside the order of default, findings and decree against the defendant, disclose the facts hereinafter recited.

Summons and complaint were regularly served upon defendant upon March 1, 1921. Defendant employed Ernest W. Hardy, an attorney of Portland, to represent it in the litigation. A motion to strike out parts of plaintiff's complaint was prepared and forwarded by Hardy to the clerk of the Circuit Court, together with his check for ten dollars to pay the filing fee on the same. The clerk filed the motion on April —, 1921, the date he received the same, but thereafter payment of the check was refused by the bank on which it was drawn, and not being otherwise made good, the clerk canceled the filing marks placed by him upon the defendant's motion, and withdrew the motion from the files. When the motion came up for hearing, neither the court nor plaintiff's attorneys were aware of the failure of Hardy to pay the required filing fee on the motion to strike, or of the action of the clerk in withdrawing the same from the files, and the court on the twenty-eighth day of May, 1921, proceeded to hear and determine the motion, and on that date made and entered an order sustaining the motion, by striking from the complaint, including the title of the cause, all such portions thereof as referred to the Payette Land and Livestock Company.

Hardy was present, representing defendant, at the hearing upon the motion, and upon the stipulation

and agreement of counsel for the respective parties, the court permitted plaintiff to amend the complaint by striking therefrom the portions ordered stricken by the court, and ordered that the complaint as so changed should be considered as an amended complaint in the suit. The order also provided that defendant should have ten days from that date in which to file an answer or otherwise plead to the complaint as so amended.

Mr. Hardy prepared an answer for the defendant, and within the time allowed by the court, served the same upon plaintiff's counsel, but failed to file the answer so served with the clerk of the court.

No further appearance having been made by the defendant, an order of default against the defendant was granted on September 22, 1921, which order was entered October 22, 1921.

The defendants Lester C. Seawell and wife each executed a writing, acknowledging and accepting service of the summons and complaint in the suit in Malheur County on June 15, 1921, and also acknowledged service of the amended complaint in the suit. The aforesaid writings were filed with the clerk on October 5, 1921.

On October 22, 1921, the court, apparently without proof of the authenticity of the signatures of Seawell and wife upon the written acceptance of service, made and entered an order of default against each of the defendants Seawell. On the same date the court made findings and conclusions of law, and entered a decree in favor of plaintiff and against the Seawells and defendant, in conformity with the prayer of plaintiff's complaint. None of the parties appealed from that decree.

Soon after the decree was entered, plaintiff caused execution to issue in the law action, for the sale

of the attached real property, pursuant to which the real property in question was levied upon and sold to apply upon plaintiff's judgment. Plaintiff purchased the property at the execution sale for sixteen thousand dollars, subject to certain prior liens against the same, approximating six thousand dollars. Plaintiff's judgment in the law action was satisfied to the extent of the proceeds of the execution sale.

After the property had been sold upon execution, defendant, on February 13, 1922, filed its motion to set aside and vacate the order of default, findings of fact and conclusions of law and decree theretofore entered by the court, upon the grounds asserted in the motion, of surprise, mistake, inadvertence and excusable neglect; the motion was supported by the affidavits of S. F. Wilson, vice-president and general manager of defendant, J. A. Jackson, cashier of defendant, and John P. Winter and Robert F. Maguire, its regular attorneys. The affidavits set forth that Winter and Maguire, the regular attorneys of defendant, being otherwise engaged at the time of the instant suit required the attention and services of an attorney, defendant employed Ernest W. Hardy to act for, and represent, defendant in that litigation, and paid him a retainer fee of five hundred dollars; that Hardy prepared and subscribed, as attorney for defendant, a motion to strike portions of plaintiff's complaint, and forwarded the same by mail to the clerk of the Circuit Court. The papers were received by the clerk, and the motion indorsed by him as filed.

On April 26, 1921, the clerk wrote defendant as follows:

"Bankers Discount Corporation
  "Portland, Oregon
"Gentlemen:
  "Some time ago a motion in the case of Elmer C.
Carlson vs. Lester C. Sewell et al. was filed and a
check given by Ernest W. Brady for $10.00 pre-
sented in payment of the filing fee. This check has
been returned marked 'N. S. F.' and I have not
withdrawn the motion as yet, but will do so unless
this check is made good in the very near future.
This motion was filed on your behalf."

Upon receipt of the foregoing letter, Mr. Jackson,
cashier of defendant, called upon Hardy, and con-
fronted him with the statements contained in the
letter. Hardy assured Jackson that he would im-
mediately send the money to the county clerk. De-
fendant thereupon wrote the county clerk as follows:

                                "April 29, 1921.
"Mr. H. S. Sackett,
  "County Clerk
      "Vale, Oregon
"Dear Sir:
  "We wish to acknowledge receipt of yours of the
26th in relation to check given you by Mr. Ernest W.
Hardy for $10.00 and which was returned to you
marked 'N. S. F.'
  "We have just got in touch with Mr. Hardy who
states he will take care of the same immediately
and is very profuse in his apology. However, if this
matter is not taken care of in the next day or two,
kindly wire us at our expense and we will send you
check to cover."

On May 4, 1921, the county clerk, in response to
the request made in the foregoing letter, telegraphed
defendant as follows: "Party has not made check
good yet."

The cashier of defendant again saw Hardy, and
stated to him that if Hardy could not send the money,

the cashier would do so. Hardy asserted that he had already taken care of the matter.

Following this last conversation the cashier of defendant, on May 6, 1921, telegraphed the county clerk as follows: "Hardy claims sent you ten dollar bill by mail last week. Wire immediately if not received."

On the same day defendant received the following telegraphic response: "Money not received."

Mr. Jackson thereupon again saw Hardy, who again insisted that he had sent a ten dollar bill to the county clerk. The cashier made no further inquiry about the matter, but accepted Hardy's claim that he had paid the filing fee.

Later Hardy represented to defendant that the motion he claimed to have filed had been allowed, and that plaintiff had been required to file an amended complaint. He presented a draft of an answer to that complaint to the defendant for verification; after some revision, made upon the suggestion of Mr. Winter, the answer was verified and returned to Hardy for filing. Some time in May, 1921, Hardy, as above stated, served the answer prepared by him on the attorneys for plaintiff, but failed to file the same.

P. J. Gallagher, one of the attorneys for plaintiff, saw Robert F. Maguire, one of the regular attorneys for defendant, at the depot in Ontario, Oregon, on August 29, 1921. At that meeting Mr. Gallagher informed Mr. Maguire that the defendant was in default in the instant suit; that Hardy had sent a bad check to the county clerk, and the county clerk had refused to file the papers. Mr. Maguire expressed surprise at the information, and stated that immediately upon his return to Portland, where he was

then en route, he would have the matter taken care of. Upon reaching Portland a day or two later, Mr. Maguire communicated with Hardy, who stated that for some reason or other, his check had been turned down, and that he had immediately cured the matter by sending the clerk a ten dollar bill, and that the whole matter was straightened up. Mr. Maguire proposed to send a check for the filing fees if there was any question about payment thereof having been made. Hardy protested that he had already taken care of the matter. Mr. Maguire accepted his statements and paid no further attention to the matter. He did not communicate with the attorneys for the plaintiff or cause an examination of the files of the case to be made, and although findings and decree were not entered for almost two months thereafter, the defendant did not become apprised of the same until about January 24, 1922. Ernest W. Hardy, at the time of the transactions in question, was reputed to be a capable, careful and responsible attorney, and his standing at the bar of this state was good.

The counter-affidavits filed by defendant substantially agreed with the showing made by defendant, and contain other pertinent matter as follows: Upon the twenty-fourth day of June, 1921, Hardy transmitted to the county clerk of Malheur County, a certified check for twenty dollars, to be applied on the filing fees of legal papers not connected with the instant case, of which sum there was a balance of eight dollars not used for the purpose of filing the papers mentioned. Immediately thereafter, the clerk notified Hardy that he had in his possession the aforesaid sum of eight dollars, and inquired whether Hardy desired to apply five dollars thereof on the

filing fee in this suit. The clerk received no response from Hardy, and subsequently on the twenty-fourth day of August, 1921, transmitted the money to Hardy, who, so far as the record discloses, paid no further attention to the case after serving the answer upon plaintiff's attorneys, except that he informed defendant that the cause was at issue, and that its final disposition awaited taking the depositions of Seawell and wife.

1. The motion of a party to be relieved from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, is addressed to the discretion of the court: Section 103, Or. L.

And the action of the trial court in disposing of such a motion will not be reviewed except for a plain abuse of that discretion: *Askren* v. *Squire*, 29 Or. 228 (45 Pac. 779); *Thompson* v. *Connell*, 31 Or. 231 (48 Pac. 467, 65 Am. St. Rep. 818); *Nye* v. *Bill Nye Milling Co.*, 46 Or. 302, 307 (80 Pac. 94); *Horn* v. *United Securities Co.*, 47 Or. 35 (81 Pac. 1009); *Payne* v. *Savage*, 51 Or. 463, 465 (94 Pac. 750); *Wallace* v. *Portland Ry. Light & Power Co.*, 88 Or. 293 (170 Pac. 283); *Schiffman* v. *Robison*, 99 Or. 410, 413 (195 Pac. 816).

2. Ordinarily a party will not be relieved from a judgment or decree taken against him through the mistake, negligence or inadvertence of his attorney, unless the act or omission of the attorney was such, that had it been committed or omitted by the party himself, he would be entitled to a vacation of the judgment or decree: 23 Cyc. 937, 939; 15. R. C. L. 711; *Brand* v. *Baker*, 42 Or. 426, 434 (71 Pac. 320); *Horn* v. *United Securities Co., supra; Payne* v. *Savage, supra.*

In the case of *Brand* v. *Baker, supra,* the court said:

"Notice to an attorney is notice to his client, within the meaning of the statute, and ordinarily no relief will be granted to a party on account of the mistake or neglect of his attorney, unless it is such as would be excusable if attributable to himself."

Defendant was in default for want of an answer on and after June 8, 1921. An answer, though prepared by Hardy and approved by the general attorney of defendant prior to the latter date, was never filed. Order of default and decree were not entered until October 22, 1921, four and one-half months after the cause was ripe for entry of such default and decree. Defendant's answer might have been filed at any time in the interval. Hardy was frequently reminded of his default and failure in the matter, and conscious thereof throughout.

It is plain that the inattention and neglect of Hardy, as attorney for defendant, was gross and inexcusable. It is also clear that like conduct upon the part of a suitor, shown at the hearing upon a motion by such suitor to set aside and vacate a decree, would warrant the court, in the exercise of its discretion, in denying the motion.

In its brief, defendant urges that inasmuch as Hardy was in good standing at the bar and supposed to be trustworthy, his inattention to defendant's suit amounts to "surprise," entitling defendant to the relief sought by its motion.

As early as May 4, 1921, the officers of the defendant having control of the litigation and being responsible for its result, had notice that Hardy was not altogether dependable. Defendant's cashier, though aware that Hardy had several times falsely

claimed that he had paid the filing fees required upon the initial appearance of defendant in the suit, accepted without further inquiry Hardy's improbable statement that the latter had finally paid the filing fee in a manner unusual in such cases, to wit: by sending a ten dollar bill enclosed in a letter.

Nearly two months before the default order and the decree were entered, one of the regular attorneys for defendant was informed by one of the attorneys for plaintiff, that defendant was in default in the suit; that the filing fee essential to an appearance by defendant had never been paid, and for that reason no pleadings on the part of defendant were before the court. The attorney referred to, acting for the defendant, like the cashier of defendant two months previously, accepted the unlikely explanation of Hardy, and neither he nor any other officer or representative of defendant, attempted to verify that statement by reference to the files of the cause or by inquiry of the county clerk or the attorneys for plaintiff, and this notwithstanding the fact that Hardy, prior to that time, had repeatedly represented to defendant that the suit was at issue and ready for trial.

3. In order for a client to obtain relief from a judgment or decree taken against him through the negligence of his attorney, the client must be free from fault and must clear himself of the imputation of want of due diligence or of indifference to his own rights: 23 Cyc. 937, 941.

4. In nearly all the cases cited by defendant, the party seeking relief was himself either not at fault, or at most guilty of slight fault only. None of them presented the case, as here, of continued reliance

upon an attorney who repeatedly had shown himself remiss in his attention to his client's suit.

Under the circumstances, the reliance of the officers and representatives of defendant upon the word of Hardy, and their failure, upon notice of his delinquency, promptly to apply to the proper sources of information concerning the true state of the record of the suit, constituted a want of due diligence attributable to defendant, which if it does not completely defeat defendant's claim of surprise, so weakens the same that the Circuit Court, in the exercise of its discretion, was not bound to relieve defendant.

Obviously, the Circuit Court did not abuse its discretion in denying and overruling defendant's motion.

5. Defendant assigns in this court for the first time as further reasons for setting aside and vacating the decree of the Circuit Court: First, that the default order and decree against Seawell and wife are void for the reason that the court did not require proof that the signatures of those defendants to the acceptance of service subscribed by them respectively were genuine; and Second, That the decree is void, for the reason that plaintiff's complaint does not state a cause of suit.

Assuming that the court was without authority to enter default orders and a decree against Seawell and wife, for the reason assigned by defendant (*Moffitt v. McGrath*, 25 Or. 478, 480 (36 Pac. 578), it is not entirely clear that defendant is entitled to complain thereof. Defendant urges that the decree being a nullity, it is the duty of the court at any stage of the proceedings to vacate the same and purge the record thereof, citing: *Huffman v. Huffman*, 47 Or.

610, 619 (86 Pac. 593, 114 Am. St. Rep. 943); *White v. Ladd,* 41 Or. 324, 330 (68 Pac. 739, 93 Am. St. Rep. 732).

The foregoing objections to the invalidity of the decree are not available to the defendant. The court acquired jurisdiction over the defendant by service of summons and complaint upon it in the manner prescribed by statute; the subject matter was clearly within its jurisdiction, and the complaint contained ample facts to challenge the attention of the court as to the merits of plaintiff's claim to relief. After the court had pronounced its decree, and appeal to this court was the only method provided for determining whether the court had given an erroneous decree. The decree may have been voidable, but it is not void: *Nicklin v. Hobin,* 13 Or. 406, 410 (10 Pac. 835); *Askren v. Squire,* 29 Or. 228, 231 (45 Pac. 779).

The action of the Circuit Court in denying and overruling defendant's motion to vacate and set aside the order of default, findings and decree against the defendant, is affirmed.                    AFFIRMED.