Argued June 24; affirmed July 13, 1937

# TRAVELERS INSURANCE CO. OF HARTFORD, CONN., *v.* STAIGER ET AL.

(69 P. (2d) 1069)

*W. L. Cooper*, of Portland, in pro. per.

*W. M. Cake*, of Portland (Cake & Cake, of Portland, on the brief), for respondent.

ROSSMAN, J. The suit which resulted in this appeal by W. L. Cooper, one of the seven defendants, was instituted to recover judgment upon a promissory note in the sum of $4,000, signed by the defendants, Paul and Johanna H. Staiger, to foreclose a real estate mortgage executed by them to secure payment of the note, and to secure a decree holding that the rights of the other five defendants in the real property described in the mortgage were inferior to the lien of the mortgage.

The note made provision for the payment of an attorney's fee in the event of default. From the mortgage we quote:

"In any suit to foreclose this mortgage, or in any suit which the mortgagee is obliged to bring or defend to protect the lien hereof, the mortgagors agree to pay a reasonable sum as attorney's fees, and further agree to pay such reasonable cost of searching records and abstracting the same as may be incurred in connection with the foreclosing of this mortgage    *   *   *   which sums shall be secured hereby and included in any decree of foreclosure."

The complaint, in addition to setting forth a copy of the note and mortgage, averred that the mortgagors had violated the provisions of those instruments by failing to pay installments of principal and delinquent taxes. It alleged that on account of these defaults and by virtue of the provisions of the instrument the plaintiff elected to declare the entire debt due. The complaint alleged that $150 constituted a reasonable attorney's fee to be allowed, and that the plaintiff "has paid the sum of $11 for searching records necessary in the foreclosure of its said mortgage". It prayed for judgment against the defendants, Paul and Johanna H. Staiger, for $2,799.03, together with interest, an attorney's fee of $150, an allowance of $11 for searching the title records, and for a decree directing that the mortgage be foreclosed and holding that plaintiff's mortgage constituted a lien superior to the rights of all of the defendants.

There is no contention that the complaint was insufficient as the statement of the cause of suit. All defendants, except the appellant and his wife, defaulted. The two just mentioned filed an answer which

contained denials and admissions. The nature of their interest in the property is not disclosed by the record.

The suit ended in a judgment and decree which awarded to the plaintiff judgment against the Staigers for $2,799.03, $100 attorney's fee, $11 for searching the records, and $24.30, costs and disbursements. The decree held that the plaintiff's mortgage constituted "first, prior, valid and superior lien" upon the property, directed that it be foreclosed, and that the property be sold. A bill of costs and disbursements amounting to $24.30, filed October 22, 1936, appears in the files, but bears no notation of service. According to the record, the judgment and decree was rendered October 22, 1936. From it no appeal was taken. It will be observed that judgment for the recovery of money was entered only against the Staigers.

October 27, 1936, a writ of execution issued which directed the sheriff to sell the property described in the mortgage so as to satisfy the sums above mentioned. According to the sheriff's return, a bid of $3,199.73, made by the plaintiff, was the highest and best offered, and, likewise, according to his return, he sold the property to the plaintiff for that sum of money. A certificate of sale was issued to the latter November 30, 1936.

December 3, 1936, the appellant filed a paper entitled "Objections to Confirmation of Sale" which we now quote in full:

"Comes now W. L. Cooper, one of the defendants herein, and objects to the confirmation of the sale made herein on the 30th day of November, 1936, by the Sheriff of Multnomah County, Oregon, and moves the Court for an order and decree setting aside the decree in the above-entitled suit and quashing and withdrawing the execution issued thereon, for the reasons and upon the

ground that said decree is void for the following reasons:

"1. That the decree provides for $11 searching of records and that no cost bill was filed for the same or any reason given for including the amount in the sale.

"2. That the sale was made which included a cost of $24.30 and that there was no cost bill filed and no legal decree could be made in said above entitled suit without the filing of a cost bill for said amount, as provided for in Oregon Code 1930, being Sections 7-606 and 7-609 and the decisions of the Supreme Court of the State of Oregon in reference thereto.

"3. That the records of this suit will show that no cost bill, either verified or unverified, was ever filed to cover any of the amounts objected to herein."

December 7, 1936, the court entered an order confirming the sale, and five days later entered another, apparently for the purpose of amending the previous one, which, after referring to the appellant's objections, stated: "The court, having fully considered said objections, they are hereby overruled." January 29, 1937, the appellant filed a notice of appeal which stated that he appealed "from that certain order overruling his objections to the confirmation of the sale". The undertaking accompanying the notice of appeal recited that the appellant had appealed from "a certain order overruling his objections to the confirmation of sale and to the decree confirming the sale, which order and decree was purported to be entered as of December 12, 1936".

It seems reasonable to infer from the above that the order from which the appeal has been taken is the one which confirmed the sale. The objections to the sale do not suggest that the sheriff failed to proceed as directed by the writ and the statutes applicable to such matters, but are based entirely upon a contention

that the court erred when it awarded costs, disbursements and the $11 item.

The execution and the sale were proceedings for the enforcement of the judgment. Such proceedings are collateral to it: Freeman on Judgments, § 310; 34 C. J., Judgments, p. 522, § 828. From collateral attack all judgments are invulnerable unless they be void. An erroneous award of costs, made, however, by a court which possesses jurisdiction to tax costs, does not render the award void and the resulting judgment subject to collateral attack: *Nicklin v. Hobin,* 13 Or. 406 (10 P. 835). From 34 C. J., Judgments, p. 564, § 864, we quote:

"If the relief awarded or recovery authorized by a judgment is excessive, either as being greater than the amount demanded, greater than the facts or the evidence would justify, or as improperly including interest, costs, or counsel fees, or as allowing excessive interest, or costs, it is erroneous and voidable, but may not be impeached in a collateral proceeding."

We are satisfied that even if it should be true that the court erred in awarding to the plaintiff judgment against the Staigers for the two items above mentioned, the contention could not be presented in the execution sale proceedings, and that, therefore, the court did not err in overruling the motion to withhold confirmation of the sale.

But let us assume that the paper filed by the appellant December 3, 1936, entitled "Objections to Confirmation of Sale" was mislabeled, and that appellant's real purpose was to obtain a vacation of the judgment and decree. The circuit court which had entered the latter had inherent power to modify or vacate the judgment and decree during the term in which it was entered: *Rosumny v. Marks,* 118 Or. 248,

(246 P. 723). The October term in the fourth judicial district, being Multnomah county, expired with the commencement of the November term on November 2, 1936: Section 28-904, Oregon Code 1930. That being true, the appellant, if he is seeking to vacate the judgment and decree is compelled to rely upon § 1-907, which § 6-107 renders applicable to equity proceedings. But he has offered no explanation for having postponed his attack upon the judgment and decree permitting the respondent, in the meantime, to obtain a writ of execution and incur the expense of the execution sale. Moreover, § 1-907 confers a discretionary power. It expressly states that the court "in its discretion and upon such terms as may be just * * * relieve the party". When the circuit court denied the motion to vacate the decree, if we are justified in assuming that such was its nature, it evidently found no basis for the exercise of the discretionary power.

██ Let us see whether there is anything in the record that would authorize us to declare that the circuit court abused its discretionary power. The $11 allowance for the expense that the respondent incurred in searching the record preparatory to the filing of the foreclosure suit was allowed pursuant to the covenants of the mortgage which we have quoted. The attack upon this part of the judgment is thus expressed in appellant's brief:. "The objections stated that the decree provided for $11 for searching the record and that no cost bill was filed for the same." Since the $11 was allowed as a result of the covenants of the mortgage and not as statutory costs, it was wholly unnecessary to make any mention of this item in the cost bill. The other item attacked is the allowance of $24.30 costs and disbursements. Pursuant to § 7-609 and the rules of the circuit court for the fourth judicial district,

disbursements which are not included in cost bills served upon the adverse party cannot be allowed. The costs and disbursements were taxed, not against the appellant but against the Staigers, and hence it must have been easy to overlook the matter of serving the appellant. The respondent frankly confesses its omission, and, with equal frankness, states: "This subjected respondent to the penalty described in said section, to-wit: that the respondent's disbursements would not be allowed in the cost bill." The total amount of disbursements involved is $19.30; in other words, the judgment and decree should have been modified by deduction of that amount. But even this error did not entitle the appellant, as a matter of right, to have the sale vacated. Section 3-409, Oregon Code 1930, provides:

"If such objections be filed, the court or judge thereof shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting."

It would have been unnecessary to have vacated the sale. The rights of the appellant could have been protected by the entry of an order permitting him to redeem for $19.30 less than the amount of the judgment. We are satisfied that the circuit court did not abuse its discretion in denying the appellant's motion to vacate the decree, if we are justified in so construing the document under consideration.

*Wing v. Parrott,* 154 Or. 405 (60 P. (2d) 603); *Barber v. Newbegin,* 154 Or. 55 (58 P. (2d) 1254); *Watson v. Jantzer,* 151 Or. 1 (47 P. (2d) 239), upon which the appellant mainly relies, involved tax foreclosure proceedings in which the provisions of the statute concerning the assessment of costs were not obeyed. In each

instance the party foreclosed by the erroneous proceedings, unlike our present appellant, tendered into court the total amount of accumulated taxes plus interest. Moreover, in each of those three instances there was a great disparity between the amount realized upon the foreclosure sale and the actual value of the property. No claim of any disparity is made in the present proceeding. Taxes are levied *in invitum*. The debt in the present instance is contractual. We believe that there is self-evident distinction between the basis of those decisions and the facts before us. In *Teachers' Retirement Fund Association v. Pirie,* 150 Or. 435 (46 P. (2d) 105), the inadequacy of price realized upon the sale, and other circumstances rendering the sale unfair, caused us to hold that the sale was not entitled to confirmation.

For the above reasons, it follows that the judgment and decree are affirmed. Costs and disbursements will not be allowed.

BEAN, C. J., and BELT and KELLY, JJ., concur.