12          December 23, 2014          No. 2

## IN THE OREGON TAX COURT
## REGULAR DIVISION

TEKTRONIX, INC. & SUBSIDIARIES,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4951 & TC 5216)

Following entry of the Tax Court's General Judgment in TC 4951, the case was appealed to the Oregon Supreme Court. Upon entry of the Supreme Court's Appellate Judgment, Plaintiff (taxpayer) moved for summary judgment on a dispute that arose regarding the computation of interest after the appeal and resolution of the original action. Defendant Department of Revenue (the department) argued that the provisions regarding calculation of interest in the form of judgment were inconsistent with Oregon law and that the increased interest rate described in ORS 305.222(1) should only apply to periods following a date 60 days after the issuance of the Appellate Judgment. Taxpayer argued that the terms of the form of judgment were unambiguous and provided for calculation of increased interest from a date 60 days after entry of the General Judgment. Taxpayer further argued that the department was barred from making its argument for the reason that the General Judgment became final following entry of the Appellate Judgment. Granting taxpayer's motion, the court ruled that the language in the form of General Judgment was unambiguous, and that the defensive position that the judgment language was inconsistent with the statute was available in connection with the claim made by taxpayer and on appeal, but that once the appellate judgment issued, claim preclusion applied to bar the department from asserting its position.

Oral argument on cross-motions for summary judgment was held September 9, 2014, in the courtroom of the Oregon Tax Court, Salem.

Robert T. Manicke, Stoel Rives LLP, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Plaintiff rendered December 23, 2014.

**HENRY C. BREITHAUPT, Judge.**

This case is before the court on cross-motions for summary judgment. The case is a proceeding separate from what the court refers to as the underlying case, a case in which the substantive issue was the correct determination of the tax base.

Following the conclusion of the underlying case, the parties exchanged views on both the resolution of issues other than that decided by this court and on a form of judgment. As finally agreed upon, the form of general judgment (the General Judgment) provided for a payment of a refund to Plaintiff (taxpayer). Relevant to the current dispute, it also provided (in provisions that will be referred to as the Interest Paragraph):

> "Post-judgment interest shall be owed on the entire money judgment at the rate established under ORS 305.220 beginning the date this judgment is entered. In addition, the increase in the rate established under ORS 305.220 described in ORS 305.222(1) shall apply to any unpaid portion of the money judgment beginning 61 days after this judgment is entered."[1]

Following entry of the General Judgment, Defendant (the department) appealed the General Judgment to the Oregon Supreme Court. The department did not assign error to the Interest Provision, did not brief any assertion that the Interest Provision was erroneous as a matter of law, and made no argument to the Supreme Court as to the legal correctness of the Interest Provision.

The Supreme Court affirmed the General Judgment, issuing an Appellate Judgment and Supplemental Judgment.

The department then sent to taxpayer a check, the amount of which was calculated based on the principal amount of the refund claim and interest calculated by applying ORS 305.220, but not incorporating the interest rate increase described in ORS 305.222(1) and found in the Interest Paragraph.[2] Taxpayer objected to that calculation

---

[1] In their briefing, the parties have mistakenly referred to the quoted provision as being Paragraph 6 (f) of the judgment. Both parties corrected that reference in the hearing on the motions that the court is now addressing.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

and, considering the matter as a new act of the department, instituted this appeal.[3]

At the hearing on this matter, and in its briefs, the department argues that the provisions of the Interest Paragraph of the General Judgment are inconsistent with Oregon law. The department argues that the increased interest rate described in ORS 305.222(1) should only apply to periods following a date 60 days after the issuance of the Appellate Judgment.

Taxpayer argues that the terms of the Interest Paragraph are unambiguous and that they provide for calculation of increased interest from a date 60 days after entry of the General Judgment. Taxpayer disagrees with the reading of ORS 305.222(1) put forward by the department, but also argues that the department is barred from making that argument for the reason that the General Judgment became final following entry of the Appellate Judgment.

Taxpayer is correct that the General Judgment became final upon entry of the Appellate Judgment and after that was immune from challenge, as to the Interest Paragraph or any other of its provisions. Principles of claim preclusion compel this conclusion.

Our Supreme Court has cautioned that in discussing claim preclusion, care be taken to distinguish between the doctrine of merger and the doctrine of bar—both components of what is generally referred to as claim preclusion. In this case the doctrine of merger is applicable.

When a claim is reduced to final judgment, the underlying claim is extinguished, merging into the judgment. The rights on the judgment are substituted for the former claim. *State ex rel English v. Multnomah County*, 348 Or 417, 432, 238 P3d 980 (2010) (citing *Barrett and Barrett*, 320 Or 372, 378, 886 P2d 1 (1994)). In a proceeding to enforce the judgment, the defendant cannot avail itself of defenses it might have interposed in the first action. *Id*. (citing

---

[3] This appeal is numbered TC 5216 but has been carried for information purposes under the number of the first appeal, namely TC 4951. This appeal was instituted in the Magistrate Division and specially designated to the Regular Division.

*Restatement (Second) of Judgments* § 18 (1982); *Security Inv. Co. v. Miller*, 189 Or 246, 251, 218 P2d 966 (1950)). Nor can the defendant "collaterally attack the judgment as being erroneously issued." *Id*.

The doctrine of merger can also be described as immunizing a final judgment from collateral attack on the ground that, even if it was erroneous, it was voidable and not void. The voidable feature must be raised in direct appeal and cannot be raised by collateral attack. *PGE v. Ebasco Services, Inc.,* 353 Or 849, 858-59, 306 P3d 628 (2013) (*PGE*) (citations omitted).

In *PGE* the court noted an earlier Oregon decision, *Travelers Insurance Co. v. Staiger*, 157 Or 143, 69 P2d 1069 (1937), discussing these matters. The court in *PGE* speaking of *Staiger* said:

> "This court acknowledged that the trial court might have erred in awarding costs and disbursements without the required cost bill, but nonetheless affirmed, stating:
>
> "'If the relief awarded or recovery authorized by a judgment is excessive, either as being greater than the amount demanded, greater than the facts or the evidence would justify, or as improperly including interest, costs, or counsel fees[,] *** it is erroneous and voidable, but may not be impeached in a collateral proceeding.' *Id.* at 148 (quoting 34 CJ, Judgments, 564 § 864)."

*PGE*, 353 Or at 858-59 (alterations in original). In *PGE* the court did, however, note that the finality of some judgments may be open to attack on two bases. The first of those is where the legislature has purported to condition the jurisdiction of the court on a matter and the condition has not occurred. *Id.* at 859. The other is where the judgment of the court is open to challenge on due process grounds, such as adequate notice to a defendant of the proceedings against it. *Id.* at 860. Neither of those exceptions to the general rule of the finality of judgments was asserted by the department in this case.

This court treats this case as an action to enforce the judgment entered in TC 4951. That judgment is not ambiguous. It required, and requires, the department to pay the full amount of the money judgment together with interest

calculated in accordance with the Interest Provision. The defensive position that the judgment language was inconsistent with the statute was available in connection with the claim made by taxpayer and on appeal, but once the appellate judgment issued, that defensive position no longer could be argued. Accordingly, the higher interest rate specified in ORS 305.222(1) applies to any amount of the money judgment not paid within 60 days of the entry of the General Judgment.

Taxpayer has also made a claim for interest computed under the Interest Provision, calculated on the amount by which the payment of the amount of the money judgment and interest computed under the Interest Provision (the Full Payment) exceeds the amount of the payment made by the department to taxpayer (the Part Payment); such excess is referred to as the Shortfall.

The right of taxpayer to such a payment depends on how the Part Payment is applied to the obligation the department owed to taxpayer.

If the Part Payment is first applied against the amount of the money judgment (which was stated separately from the interest due on such amount), the shortfall in the payment by the department would be a shortfall in the payment of interest on a refund. Because ORS 305.220(2) provides that interest on refunds is to be "simple interest," such a payment of interest on interest would appear to be prohibited.

However, if the Part Payment is first applied to the interest accrued on the amount of the money judgment, there would be a shortfall in the amount of the "principal" amount of the money judgment. Continuing accrual of interest under the terms of the Interest Provision would not be prohibited by ORS 305.220(2).

The court is not aware of any statute or rule specifying how payments of refunds in a case such as this are to be applied. In the case of payments of deficiencies by taxpayers generally, ORS 305.265(13) requires payments to be applied first to penalty, then to interest accrued, and then to tax due. If that ordering rule were to be followed here,

taxpayer would be entitled to interest on the Shortfall, computed in accordance with the Interest Provision.

The court is of the opinion that the ordering rule that should be applied is that the Part Payment is applied first to accrued interest and the remainder, if any, to principal. The Shortfall therefore would continue to accrue interest in accordance with the Interest Provision.

That result is consistent with the treatment afforded taxpayers in the case of part payment of deficiency assessments. It is also consistent with the so-called United States rule on the application of part payments. *See Ainslie v. Spolyar*, 144 Or App 134, 145-46, 926 P2d 822 (1996) (applying the United States rule for part payments in application of a statute where there was no indication the legislature intended any other result).

Accordingly, the motion of taxpayer is granted and that of the department is denied. Taxpayer is entitled to be paid the Shortfall together with interest on such amount calculated in accordance with the Interest Provision. Now, therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment on Post-Judgment Interest Issue is granted; and

IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is denied.