SOPHIA DUBOIS AND OTHERS v. DANIEL J. CAMPAU.

*Equitable Relief barred by Laches.*

The sufficiency of a plea is admitted by replication, and a hearing on the issue thus raised usually ends the case. But a defendant in a partition suit pleaded adverse possession in bar, on a stipulation that if the plea was overruled, he might answer. *Held*, an anomalous stipulation, but in following it the court below treated the hearing as on the sufficiency of the plea, merely, and left the question of adverse possession undecided; until this was passed on, however, no court could interfere with the right arising under it.

The defendant in ejectment, being the possessor, need not become the moving party, and unless he obtains delay by fraud, is not answerable for disadvantages resulting to plaintiff from any neglect to speed the cause. He is not estopped by such neglect from taking advantage of the statute of limitations against the plaintiff.

Courts cannot save perishable testimony if it is not perpetuated.

One will not be restrained from relying on a defence simply on the ground that those who could have rebutted it are dead or disqualified from testifying.

Appeal from Superior Court of Detroit. Submitted June 20. Decided October 2.

BILL TO ENJOIN the defense of adverse possession to an action in ejectment. The facts are in the opinion.

*Baker & Campau* for complainants and appellants. Partition will not be awarded before complainants have established their title and obtained possession by proceedings at law, *Hoffman v. Beard,* 22 Mich., 59, 65 and cases cited; meanwhile partition proceedings will be stayed, *Walker v. Laflin,* 26 Ill., 472; *McCall v. Carpenter,* 18 How., 297, 302; *Horton v. Sledge,* 29 Ala., 478; *Foust v. Moorman,* 2 Ind., 17; *Garrett v. White,* 3 Ired. (N. C.) Eq., 131; *Straughan v. Wright,* 4 Rand. (Va.), 493; *Gibbes v. Holmes,* 10 Rich. (S. C.) Eq., 484, but their pendency will not of itself bar the statute of limitations, *Anon.,* 1 Vern., 74; 2

Atk., 1; *Gilbert v. Emerton*, 2 Vern. Ch., 503; *Barker v. Millard*, 16 Wend., 572. The plea of adverse possession having been overruled in a partition suit, and defendants having apparently treated the question as settled, they are estopped from again setting up that claim, and being by such acquiescence responsible for complainant's delay in bringing ejectment, they should be enjoined from taking advantage of complainants' loss of testimony meantime, and of the running of the statute of limitations. *Martin v. Maberry*, 1 Devereux's Eq., 169; *Shannon v. Simpson*, 6 J. J. Marshall, 258; *Cooke v. Nathan*, 16 Barb., 344; 2 Story's Eq., 790. Defendants in partition being in default for failure to answer are not in position to charge complainants with negligence in not prosecuting the partition suit. *Dixon v. Rutherford*, 26 Ga., 153; *Richardson v. Jones*, 3 Gill. & J. (Md.), 163; *Warren v. Shaw*, 43 Me., 429; *Whitney v. Mayor, etc.*, 1 Paige, 548; 1 Daniell's Ch. Pr., 793, 810.

*Alfred Russell* and *F. A. Baker* for defendants and appellees. In cases of very long and unreasonable acquiescence and neglect, courts of equity act in obedience to the statute of limitations. Story's Eq. Jur., § 1520. Defendants had held quiet and continuous possession for 43 years, and suit in ejectment (*Hemingway v. Griswold*, 22 Mich., 77) was delayed eight years more. *Campau v. Van Dyke*, 15 Mich., 371; *Campau v. Godfrey*, 18 Mich., 27; *Dubois v. Campau*, 28 Mich., 304.

CAMPBELL, J. In December, 1858, certain parties to whose rights complainants have succeeded filed a bill of partition against Joseph Campau, claiming that they among them owned two undivided fifths, and that the said Joseph owned the remaining three-fifths of a farm of 310 30-100ths acres, and several smaller parcels in and about Detroit. The said Joseph Campau pleaded in bar of the suit an adverse occupancy sufficient to cut off any title in others, if such title had existed. Complainants in the partition suit filed a replication to that plea, and testimony was taken upon the issue raised. A stipulation was made when the

37 MICH.—32.

plea was filed that in case of any adverse decision, Joseph Campau might answer.

On the 2d of June, 1863, an order was made "that the plea of the defendant be and is hereby not allowed, and that the same is overruled, and further that the defendant have leave to answer within twenty days upon the payment of costs to be taxed."

The present bill of complaint, after setting forth the steps whereby title became vested in the parties to that partition suit, and through the complainants therein passed to these complainants, and showing how Joseph Campau's title passed ultimately to Daniel J. Campau, proceeds to show facts which are claimed to disprove any adverse possession in Joseph Campau, and gives a history of the partition suit up to the order mentioned, which is said to have been the last order made in that cause. It then shows the failure of Joseph Campau to answer, and his death soon after said order on the 27th of July, 1863.

On the 1st of December, 1864, the suit was revived against his heirs, nine in number, and Francis Palms who was co-administrator with two of the heirs, Denis and Theodore Campau. In 1865 four of the heirs answered, but their answers are alleged to have been lost or removed from the files. In 1869 Mr. Gray, complainant's solicitor, died, and since his death the papers have not been found.

Joseph Campau died intestate. It is averred that in 1865 the administrators took possession and efforts were made to settle, they recognizing complainant's rights, and Denis offering to purchase the interest of the heirs of Barnabas Campau, claiming one-fifth, and offers being also made for the other fifths.

On the 19th day of December, 1866, Daniel J. Campau received a conveyance from the other heirs of Joseph, and assumed and has ever since asserted exclusive ownership; although negotiating from time to time for complainants' rights.

On the 17th day of February, 1871, the parties then representing complainants' interests brought actions of ejectment for two lots, numbers 93 and 94 in Detroit, and Daniel

J. Campau set up a defense of adverse possession in each, and in one also set up a tax-title. March 12, 1874, he prevailed and obtained judgment founded on his adverse possession of lot 94. He had previously prevailed in the other suit for lot 93, but the judgment having been reversed for the admission of the tax-title, a new one was rendered in his favor on said 12th of March, 1874, under a stipulation that it should abide the event of the decision of the former cause in the Supreme Court. A new trial has been obtained in one of these cases, and it is alleged there is a similar right to a new trial in the other.

The partition suit is alleged to have been revived, and efforts are made to bring it to readiness for disposal.

It is claimed this suit cannot be disposed of until the title is settled by ejectment. That Joseph Campau by submitting his title under the plea which was determined against him estopped himself and his representatives from adverse claims. That the only witnesses who knew the facts necessary to disprove the adverse holding were Theodore Williams, who is dead, and Alexander M. Campau, who is now disqualified as a party from testifying to matters equally within Joseph Campau's knowledge; and that Daniel J. Campau is the only competent living witness who testified on those trials; and that complainants have no means of proving the nature of Joseph Campau's possession.

The bill prays that Daniel J. Campau may be restrained from relying on the defense of adverse possession, as existing before, during or since the partition suit.

A demurrer to this bill was sustained, and complainants appeal.

If Joseph Campau's plea had been decided against him on the facts, and a decree rendered upon it, the case would stand differently from its present position. Whether in that case any necessity could have arisen, or any right would have existed to a trial at law we need not consider. Where a defendant puts his whole defense on a plea, and the complainant admits its sufficiency by replying to it, the decision on that issue usually ends the controversy. But

in this case, under what strange circumstances we cannot guess, the circuit court saw fit to treat the hearing as one upon the sufficiency of the plea, and made an order on that theory overruling it, and in pursuance of an equally anomalous stipulation opened the case for an answer. Under these circumstances it cannot be said that Joseph Campau's adverse possession was ever passed upon, and no court now has any authority to interfere with such rights as arose under it, without a further hearing.

If the pendency of the partition proceedings suspended the statute of limitations, or if the dealings of the parties did so,—that is open to determination at law as well as in equity. We therefore need not discuss this point. But if the statute was not actually suspended, and the complainants' case rests upon an equitable estoppel, then we think no such case is made out. They saw fit to allow the partition proceedings to run for over twelve years, without seeking permission to have an auxiliary legal proceeding commenced on any terms, and without seeking any restraining order against the statute of limitations in the ejectment suits which they commenced of their own motion. Those suits have been tried without any such injunction. No facts are shown to indicate any fraud or contrivance whereby complainants were misled wrongfully into granting delay. They are themselves responsible for such delays as have occurred. Whether these delays have or have not changed their legal position, the defendant cannot be made answerable for the consequences. As possessor, he need not become the moving party. It is for those who seek to remove him from his possession to be actors.

The real cause for filing this bill seems to be the alleged loss of the testimony of Theodore Williams and Alexander M. Campau. If complainants are legally right in assuming this testimony to be unavailable, it is in the view of the law a misfortune which cannot be charged upon defendant. Unless perishable testimony is perpetuated, courts can do nothing to save it. There is no rule which holds that the death of a witness raises a conclusive presumption in favor of the party who intended to call him; and without such

an extreme presumption it is difficult to see why defendant can be properly shut out from his defense. He might just as fairly ask a dismissal of the bill on account of his father's death, because Joseph Campau must have known more about the facts than any one else.

We think the bill makes out no ground of relief whatever. Such considerations as complainants had to present should have been laid before the court in the partition suit. at a proper stage in the controversy. They have not brought themselves within any known equities. The decree must. be affirmed with costs.

The other Justices concurred.