[Filed January 31, 1887.]

## MARY A. MITCHELL *v.* W. B. CAMPBELL.

DISCRETION OF COURT. — In matters of practice before it, the trial court is vested with large discretionary powers, with which the appellate court will not ordinarily interfere; but it is a judicial discretion, to be exercised in furtherance of justice, and not capriciously or oppressively.

SAME—DEFAULT—STATUTE OF LIMITATIONS—STIPULATION — WAIVER OF DEFENSE.—Where, after a default has been erroneously entered against the defendant, and an application, accompanied with a sufficient showing to set such default aside, had been denied, the court, upon the stipulation of the parties, entered an order that said default might be vacated upon condition that defendant would waive the defense of the statute of limitations, which he accordingly did : *Held*, that such stipulation was plainly extorted from the defendant by means of the adverse rulings of the court; that the order entered thereon should be vacated, and the defendant be permitted to set up any defense he might have. *Quære*, whether such a stipulation would be enforced by the court, if voluntarily made, upon a sufficient consideration.

UNION COUNTY. Defendant appeals. Reversed, and remanded for further proceedings.

*James H. Slater* and *James K. Kelly*, for Appellant.

No decision was made upon the motion to strike out the amended complaint, and it still remains undisposed of. No service of the amended complaint was made, as required by Sec. 68, Civil Code; and no order of the court was made specifying the time within which defendant should answer. It was error not to make such order, and no default could be entered without it. (Civil Code, § 68 ; *Tolmie* v. *Otchin*, 1 Or. 95; *Cohn* v.

*Ottenheimer*, 13 Or. 220 ; *Harker* v. *Fahie*, 2 Or. 89.) A motion to strike out a pleading for any cause, if made in time, is an answer, within the meaning of the statute. (Civil Code, § 81.) And it should have been disposed of. (Civil Code, § 103.) A default cannot be entered while a motion is pending. (*Atchison et al.* v. *Nicholls*, 6 Pac. R. 512.) The discretion of the trial court in the conduct of a trial is not a mental discretion, to be exercised *ex gracia*, but is a legal discretion, to be exercised in conformity with law. (*Bailey* v. *Taaffe*, 29 Cal. 422 ; *Howe* v. *Independence Co.*, Ib. 72 ; *Powell* v. *Willamette Valley R. Co.*, decided at this term.)

*Wm. M. Ramsey, G. G. Bingham* and *J. W. Shelton*, for Respondent.

By his stipulation, the defendant obtained the right to answer after being defaulted, and he answered according to the stipulation: he must stand by his agreement of record. The attorneys for the parties had a right to make such a stipulation. (*Harris* v. *Sweetland*, 48 Mich. 110–114; Civil Code, § 1007, p. 308 ; 1 Field's Lawyers' Briefs, Sec. 464 ; *Moulton* v. *Bowker*, 115 Mass. 36.) The appellant cannot accept the portion of the stipulation beneficial to him and act upon it, and reject that which benefits the respondent. (*Himmelman* v. *Sullivan*, 40 Cal. 125, 126.) Stipulations, when clearly established, will be enforced. (*Lockwood* v. *Black Hawk Co.*, 34 Iowa, 235–237.) The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause, and are binding. (*Barnes* v. *Badger*, 41 Barb. 98–101; *McCann* v. *McLennan*, 3 Neb. 25–28; 3 Field's Lawyers' Briefs, 243, Sec. 250 ; *Bingham* v. *Sup. Winona Co.*, 6 Minn. 82, 87.) The right to plead or insist on the statute of limitations is a statutory right, and can be waived. (*Buell* v. *Trustees*, 3 N. Y. 197, 198 ; *People* v. *Stephens*, 52 N. Y. 306 ; *People* v. *Murray*, 52 Mich. 288, 290 ; *Farmers' Bank* v. *Sprigg*, 11 Md. 389, 396 ; 1 Greenl. Ev. Secs. 186, 205; *Lockhart* v. *Fessenich*, 58 Wis. 588.) Such stipulations are a part of the record,

as much as a plea or verdict. (*Alton* v. *Gilmanton*, 2 N. H. 520–522.)

STRAHAN, J.—The respondent and others, claiming to be heirs at law of one P. M. Curry, deceased, jointly commenced an action in the circuit court of Union County against the appellant, to recover the possession of a tract of land situated in said county, consisting of about two hundred and ten acres. The defendant demurred to the complaint, on the ground that several causes of action were improperly united. The demurer was sustained ; and thereupon the respondent, by leave of court, filed an amended complaint, which contained two counts. In the first count plaintiff alleged in substance that she is now, and for fourteen years last past has continuously been, the owner in fee, and seized of an undivided one-third of, in and to the premises in controversy, and which are particularly described, as tenant in common with A. E. McLean, E. J. Ashby, Ida Benson, G. M. Curry,      Curry, and      Curry, who, as tenants in common with the plaintiff, own the other two-thirds of said tract of land ; and that the plaintiff is now entitled to the immediate possession of said land ; that the defendant is now in the wrongful possession of said land, and wrongfully withholds and has continuously so wrongfully withheld, the same from the possession of the plaintiff for six years last past ; during all of which time defendant has continuously denied and still denies plaintiff's right to the possession of said land, or any part thereof. The second cause of action is nothing but a repetition of the first. It claims the same interest in the same premises, substantially in the same words. It also claims $333.33 damages for each and every of the six years that the defendant has so as aforesaid wrongfully received and appropriated to his own use the said rents, issues and profits arising from said land.

The amended complaint was filed on the 27th day of October, 1885, and on the same day the appellant filed a motion to strike it out, because it had been improperly filed. On the 29th day of October, 1885, the respondent filed a motion for a

default against the defendant. The two motions were argued and submitted together on October 31st, and taken under advisement by the court ; and on November 2d, the court allowed plaintiff's motion for a default. The journal entry shows no disposition of the motion to strike out the amended complaint. So far as appears, that motion was wholly ignored. No service of the amended complaint was made, as required by section 68 of the civil code, and the court made no order specifying the time within which defendant should answer the same. On November 3d, 1885, the defendant filed a motion to set aside the default, supported by his own affidavit, and also by an affidavit of one of his attorneys. This motion was accompanied by an answer in proper form and verified, and leave was asked to file the same, but it was refused.

The following is the journal entry in the case disposing of the defendant's application, and also embracing the terms upon which the said pretended default was set aside : "Now, at this time, this cause came on to be heard, upon the motion of the defendant to open the default, and allow the defendant to file answer herein. The plaintiff appeared by T. H. Crawford, and Shelton & Hardesty, of counsel, and the defendants appearing by J. H. Slater, of counsel; and said motion having been over-ruled and denied by the court, thereupon the parties stipulating and consenting that said default may be vacated and set aside, upon the condition that the defendant shall withdraw from the issues to be determined in this cause any plea or right to plead, or insist upon at the trial of this cause, the title by limitation, or title by adverse possession. It is, therefore, considered and ordered that said default be, and the same is hereby, opened and set aside, upon said conditions so consented to by said parties, and not otherwise; and that the defendant have until the 1st day of January, 1886, in which to plead to the merits of the amended complaint herein. It is further ordered that the plaintiff have until the first day of the next regular term of this court, to plead to the defendant's answer."

In ordinary cases, the court will not interfere with the discretion of the trial court in matters of practice before it. The

law has wisely vested those courts with very large discretionary powers in such matters; but it is a judicial discretion, not to be capriciously or oppressively exercised. It is a power to be used in furtherance of justice, and not for the purpose of gagging and binding one of the parties to a suit, and then turning him over, in this helpless and defenceless condition, to the tender mercies of his adversary.

In the first place, the defendant was not in default when the court adjudged that he was. He had appeared, and filed a motion to strike out the amended complaint. The motion may not have been well taken, and it is probable the court ought to have overruled it; but its filing was such an appearance as the law recognized. But, assuming that the defendant was in default, it was the plain duty of the court to set it aside upon the showing made by the defendant, and to have allowed an answer to be filed; and to refuse it was such a manifest abuse of judicial discretion, as to call for the interposition of this court to correct it. It is too plain for argument, that the stipulation contained in the journal entry above was extorted from the defendant, through and by means of these adverse rulings of the trial court, and that the same may be subversive of his rights, if the terms thereof shall be enforced. The machinery of the court cannot be used as a means to compel a party to surrender either a meritorious cause of action or defense. Courts were not instituted, nor are they conducted for that purpose.

Besides, it is open to serious question whether such an agreement as that set out in the record in this case would be enforced by the court, if freely and voluntarily made, upon a sufficient consideration.

In *Crane* v. *French*, 38 Miss. 503, it is said: " Another principle is also relied on—that a party may decline to assert a right which the law gives him the power to assert for his individual benefit; he may decline to plead the statute of limitations, or to make any other defense of which the law allows him to avail himself. But there appears to be a plain distinction between declining to take advantage of a privilege which

the law allows to a party, and binding himself by contract that he will not avail himself of a right which the law has allowed to him on grounds of public policy. A man may decline to set up the defense of usury, or the statute of limitations, or failure of consideration, to an action on a promissory note. But it would scarcely be contended that a stipulation inserted in such a note, that he would never set up such a defense, would debar him of the defense, if he thought fit to make it."

It is furthermore remarked in the same case: " But so regarded, it (that is, a contract not to plead the statute of limitations) appears to be clearly an agreement in violation of public policy; that policy which requires suits to be brought in due season, and discourages stale demands as calculated to promote litigation, and to prejudice the just rights of parties. This policy stands on the same reason of public good as the laws in relation to usury. Suppose, then, an agreement made by the maker of a note, that he would not set up the defense of usury. Would an action lie for a breach of that agreement? It appears nòt; and the reason is, that the right to make the defense is not only a private right to the individual, but it is founded on public policy, which is promoted by his making the defense, and contravened by his refusal to make it. The same principle is applicable to the policy of the statute of limitations; and with regard to all such matters of public policy, it would seem that no man can bind himself *by estoppel* not to assert a right which the law gives him, on reasons of public policy."

The same principle seems to be asserted in *Dubois* v. *Campan*, 37 Mich. 248, and the reasoning of the court in *Gettings* v. *Baker*, 2 Ohio St. 21, tends to the same result.

But we do not find it necessary to decide the effect of the agreement set out in the record at this time. It is sufficient for the disposition of this case to say, that the erroneous rulings of the court in the particulars already pointed out caused the issues to be framed and presented in such a manner that a fair trial of the questions sought to be litigated was not possible. Under these circumstances, we decline to consider the other

questions presented with much research and ability by counsel for the respective parties, but reverse the judgment as well as all orders and proceedings had in said cause after the filing of the defendant's motion to strike out plaintiff's amended complaint, and remand the cause to enable the parties, by leave of the court below, to present such issues therein as will secure a trial thereof upon the merits.