Argued 19 July, decided 15 August, 1905.

**HORN *v.* UNITED SECURITIES CO.**

81 Pac. 1009.

VACATING JUDGMENT—SURPRISE, INADVERTENCE OR EXCUSABLE NEG-
LECT—DISCRETION—SUFFICIENCY OF SHOWING.

A motion to vacate a judgment rendered for want of an answer on the ground of mistake, inadvertence, and excusable neglect is addressed to the sound discretion of the trial court, which cannot be disturbed on appeal unless manifestly abused. For example: In support of a motion to vacate a judgment rendered on October 12 for want of an answer, defendant's counsel showed that on October 5 he forwarded a motion to strike parts of the complaint, notifying the clerk that he desired to be advised of the decision; that on October 10 the clerk notified counsel that the motion was overruled, which letter of notification was not delivered at the office of counsel until the morning of the 13th, at which time he was in attendance upon court in another county; that on that day he prepared and transmitted an answer, and wrote to plaintiff's counsel asking him as a matter of courtesy for advice as to the proper steps to be taken in the premises, to which plaintiff's counsel replied that he had obtained judgment. *Held,* that there was no such surprise, inadvertence, or excusable neglect as to make it an abuse of discretion for the court to refuse to vacate the judgment.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is an action by William Horn against the United States Mining, Securities & Trust Co. On June 9, 1904, plaintiff filed a complaint against the above-named defendant, containing three counts, to which the defendant, on

October 5, interposed a motion to strike out parts of it. Afterwards, on October 10, that being the first day of the regular term of the circuit court at Roseburg, the motion was called up by plaintiff's counsel, and, there being no further appearance in behalf of defendant, it was overruled. Two days later, the defendant failing further to appear or otherwise plead to the complaint, judgment was rendered for plaintiff for want of an answer. Subsequently defendant applied to the court for a vacation of the judgment and for leave to answer over, and, being unsuccessful, brings its appeal.                     Affirmed.

For appellant there was a brief and an oral argument by *Mr. William Mosby La Force.*

For respondent there was a brief over the names of *John T. Long* and *Ira B. Riddle*, with an oral argument by *Mr. Long.*

Mr. Chief Justice Wolverton delivered the opinion.

Appellant has made two assignments of error. One pertains to the overruling of the motion to strike out, and the other is with reference to the court's refusal to vacate the judgment with leave to answer over. The former was not insisted upon in the argument, doubtless because it was deemed frivolous, and without merit, as it really is. The latter requires consideration. The question involved is whether the court abused its discretion in denying the relief sought. The excuse suggested why there was no appearance when the motion was disposed of and the judgment entered for want of an answer is contained in the affidavit of counsel for appellant. It shows, in brief, that counsel forwarded the motion to strike out to the clerk October 5, with a request to the clerk to say to the court when the motion was called up that it was not put in for delay, and that counsel desired an inspection and decision with reference to it; that counsel desired also to be advised of the result of the decision; that on October 10 the clerk

notified counsel that the motion was overruled, which letter of notification was not delivered at the office of counsel until the morning of the 13th, at which time he was in attendance upon the court in Columbia County; that on that day counsel prepared an answer, sent a copy of it to opposing counsel, and the original to the clerk; that counsel also wrote to opposing counsel, and requested him, as a matter of professional courtesy, to advise him as to the proper steps to be taken by the affiant in the premises, to which plaintiff's counsel replied in a couple of days that he had obtained judgment in the cause; that affiant was taken by surprise; and that the judgment was given and rendered through his mistake, inadvertence, and excusable neglect. The motion was addressed to the sound discretion of the circuit court, and, if there has not been a manifest abuse of it, we cannot disturb the result: *White* v. *Northwest Stage Co.*, 5 Or. 99, 103; *Lovejoy* v. *Willamette Locks Co.*, 24 Or. 569, (34 Pac. 660.) The showing made indicates quite clearly that counsel was derelict in his attendance upon the court at the proper time, and the reasons advanced for his dereliction were manifestly insufficient to occasion surprise, nor was there such inadvertence or excusable neglect that the circuit court was required, in the exercise of a sound discretion, to relieve against. The court might have relieved counsel of the situation, but it was not an abuse of discretion not to do so. The judgment will be affirmed.     AFFIRMED.