Argued February 27, decided March 31, 1908.

## PAYNE v. SAVAGE.

[94 Pac. 750.]

APPEAL—DISCRETION—RELIEF FROM DEFAULT.

Where plaintiffs' attorneys resided outside the county, and the answer containing affirmative matter as a defense was served on the clerk, as required by the rules, and immediately mailed to them, but on account of delay was received by them on the day before that for replying or otherwise pleading to the answer, and they immediately mailed to an attorney at the place of holding the court, a motion to strike part of the answer, with request to file the same, and it was received by him on the day after that for pleading, on which day defendants had moved for a judgment on the pleadings, it was not an abuse of discretion to refuse to set aside the default; plaintiffs' attorneys having been negligent in not appearing within the time for pleading to the answer.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

On December 21, 1906, plaintiffs commenced an action against defendant in the circuit court for Marion County, to recover $500 as commission on the sale of real estate. On the 31st of that month, and during term time, defendant answered, denying the averments of the complaint, and setting up certain affirmative matter as a defense. Plaintiffs' attorneys reside in Portland, and the answer was served upon the clerk, as required by the rules, and immediately mailed to them at their post office address. Plaintiffs failed to reply or otherwise plead to the answer within the time required, and on January 4th defendant moved for judgment on the pleadings. On January 7th plaintiffs applied to the court to be relieved from their default and for permission to plead to the answer, basing the application upon the affidavit of one of their attorneys, the substance of which is that he did not receive a copy of defendant's answer until about 12 o'clock of the 3d of January; that he immediately prepared a motion to strike out parts of such answer, and deposited the same in the post office, addressed to Mr. Pogue, an attorney of Salem, accompanied by a letter asking Mr. Pogue to serve and file the motion, but the letter did not reach

Mr. Pogue until the 5th of January, when the motion was duly served and filed; that on the 3d of January, when the copy of the answer was received by him, he and his associate were occupied with their professional business in Portland, and could not come to Salem to attend to the filing of the motion, and that they had previously made arrangements with Mr. Pogue to perform such special service for them; that on the 3d of January he was advised by Mr. Pogue that a compromise of the case could be effected if he or his associate could come to Salem; and that he came to Salem on the 7th, but was unable to effect such settlement. On January 22d, the plaintiffs' motion for permission to plead to the answer was denied, and defendant's motion for judgment on the pleadings allowed. On January 26th plaintiffs filed a motion, supported by affidavits, to set aside the judgment and for permission to reply to the answer, on the ground that the judgment was taken against them by mistake, surprise, inadvertence, and excusable neglect. The affidavits in support of and against the motion are voluminous, and need not be set out here. The supporting affidavits state substantially the same facts as contained in the one filed in support of the previous motion for permission to reply to the answer, the only additional facts of importance being that the delays in the mail between Portland and Salem, were caused by washouts and floods, and that prior to the expiration of the time in which to reply to the answer had expired, plaintiffs' attorneys were informed by Mr. Pogue that if one of them would come to Salem a compromise of the litigation could be effected; but this latter statement is denied by Mr. Pogue. The motion to open the judgment was overruled, and plaintiffs appeal. AFFIRMED.

For appellant there was a brief over the names of *Mr. John A. Jeffrey* and *Mr. Charles E. Lenon,* with an oral argument by *Mr. Lenon.*

For respondent there was a brief over the names of *Mr. Tilmon Ford* and *Mr. William M. Kaiser,* with an oral argument by *Mr. Kaiser.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

An application to set aside a default or for permission to plead after the time allowed by law has expired, is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed on appeal, unless there is an abuse of discretion. This rule has so often been declared and applied by this court that it is useless to cite authorities. Each case must depend on its own peculiar facts. Upon the showing made by plaintiffs this court would not be justified in holding that the trial court abused its discretion in denying the application. Plaintiffs' attorneys were familiar with the rules and practice of the court, and knew, or were chargeable with knowledge, that it would be in session at the time the answer in the action brought by them against the defendant was due. It was their duty to have appeared within the time required to plead to the answer, to take such action as they might desire, or the court would permit. Their failure to do so was not caused by a mistake or misunderstanding as to when the answer was due, or as to the term of court. The showing made indicates that they were negligent in not observing the requirement of the statute, and the excuse offered was not such as to require the court, in exercise of a sound discretion, to relieve them from the consequences. It might properly have done so, but its denial of the motion was not such an abuse of discretion as should be disturbed on appeal: *Horn* v. *United Securities Co.* 47 Or. 35 (81 Pac. 1009).

Judgment affirmed.                              AFFIRMED.