FIRST NATIONAL BANK OF BOYNE CITY *v.* PINE SHORES REALTY CO.

1. JUDGMENT—DEFAULT—SETTING ASIDE—FAILURE TO ATTEND SUMMONS.

Motion to set aside default and judgment against corporation and individual directors was properly denied, where defendants' failure to attend command of summons is wholly unexcused, although one of defendants, whose funds have been garnisheed, may have had meritorious defense.

2. SAME—EXCUSING FAILURE TO ATTEND SUMMONS.

That defendant director relied upon some officer or agent of defendant corporation to see that he would be represented does not excuse his failure to attend command of summons.

Appeal from Charlevoix; Doty (Frank L.), J., presiding. Submitted January 13, 1932. (Docket No. 126, Calendar No. 35,860.) Decided March 2, 1932.

Assumpsit by First National Bank of Boyne City against Pine Shores Realty Company, a Michigan corporation, and its directors on two promissory notes. Judgment for plaintiff. Defendants appeal. Affirmed.

*E. A. Ruegsegger,* for plaintiff.

*Cornelius Hoffius* and *Dorr Kuizema,* for defendants.

CLARK, C. J.   The declaration, filed June 19, 1930, is in assumpsit on two promissory notes made by defendant corporation in 1929, and indorsed by certain of the individual defendants, who were directors. Liability against the individual defendants as directors is asserted also because of the statutory liability for failure to file annual reports for 1928 and 1929, 2 Comp. Laws 1929, §§ 10127, 10128.

Summons was served duly and personally on the defendants.

Default of all defendants was regularly entered on August 23, 1930.   Judgment against the defendants followed on October 27, 1930.

Plaintiff brought garnishment upon the judgment, and, on January 16, 1931, the writ was served on Grand Rapids National Bank, which disclosed indebtedness to N. R. White, one of the principal defendants.

On January 17, 1931, N. R. (Rugee) White and other of the individual principal defendants filed motion to set aside the judgment, and, as they also prayed leave to answer and to make proof, the motion is regarded as one to set aside default and judgment.   Showing of meritorious defense was attempted and the showing in behalf of N. R. White, whose funds were caught by the garnishment, ap-

pears to have some merit. But the neglect of the defendants in failing to attend the command of the summons remains wholly unexcused. No neglect of an attorney is shown. In law and in fact it remains defendants' own pure neglect, and this is true although it may be that defendant White relied upon some officer or agent of the defendant corporation to see that he "would be represented." *Huddleston* v. *Charles Amos & Co.*, 180 Mich. 253; *Kowalsky* v. *Wayne Circuit Judge*, 221 Mich. 457; 34 C. J. p. 305.

Affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.