Argued and submitted November 26, 1979,
affirmed without opinion February 11, 1980

DESCHUTES PINE SALES, INC.,
*Respondent,*
*v.*
WATKINS, et al,
*Appellants.*

(No. 78-2235-L-2, CA No. 13725)

606 P2d 627

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellants.

William M. Holmes, Bend, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

Thornton, J., filed a dissenting opinion.

**THORNTON, J.,** dissenting in part.

While I agree with the majority in affirming the trial court's order as to defendants Brenda Greb and Michael Watkins, I cannot agree as to defendant Pete Young for the following reasons:

Defendant Young by affidavit claims that following service of summons and complaint he was advised by John Watkins that Wallace Watkins had arranged for a Portland attorney, Mr. Loew, to represent all five defendants. Loew, however, failed to file a timely appearance and the default was taken.

It would appear to me that Defendant Young should be entitled to have the default set aside, ORS 18.160, and have his day in court.

First, there is Oregon authority for the proposition that when a codefendant relies upon another codefendant to appear for him, a default taken by the mistake or neglect of this codefendant should not be applied to the defendant who did the relying.

In *King v. Mitchell,* 188 Or 434, 443, 214 P2d 993, 216 P2d 269, 16 ALR2d 1128 (1950), the court declared:

> "There are many cases in the books in which reliance by one party on another to look after the defense of an action for him has been held to be ground for vacating a default judgment. * * *"

*Accord: Marsters v. Ashton,* 165 Or 507, 107 P2d 981 (1940).

Second, defendant Young in said affidavit and in the answer which he has filed claims to have a meritorious defense. He claims that he has never been a partner with any of the other defendants in any business venture, or in Watco Wood Products; that he was employed by Wallace Watkins as a millwright at White City and was usually paid by check drawn on a different firm, namely, Southern Oregon Land & Timber Company, and that such employment terminated on May 15, 1978. This lawsuit was filed August 8, 1978.

[357]

Third, there is nothing in the record to indicate that plaintiffs would suffer any prejudice by setting aside this default judgment.

Fourth, the president of plaintiff corporation testified that he had done business only with the two nonappealing defendants and had no dealings with any of the three appealing defendants. He did not learn of their existence until he referred the account to his attorneys for collection.